SUMMARY ORDER
Plaintiff-appellant Austrian Airlines Oesterreiehishe Luftverkehrs AG (“Austrian Airlines”) appeals from a judgment entered by the District Court after a bench trial, granting the motion of defendant-appellee UT Finance Corporation (“UTF”) for judgment pursuant to Rule 52(c) of the Federal Rules of Civil Procedure.** This action concerns a purchase agreement between the two parties, in which UTF contracted to purchase a particular used aircraft from Austrian Airlines for $30 million, subject to Austrian Airlines’s satisfaction of a number of stated conditions by the time of their agreed-upon delivery date in March 2004. Relevant to this appeal, the contract contained a buyer’s choice clause that the aircraft comply with certain Federal Aviation Administration (“FAA”) standards. The agreement also stated that the provisions of the contract “may only be amended or modified by a writing executed by Buyer and Seller.” Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp., 567 F.Supp.2d 579, 592 n. 94 (S.D.N.Y.2008). UTF exercised its choice for FAA-standard compliance but Austrian Airlines did not meet those demands by the scheduled March 2004 delivery date. UTF ultimately refused to pay for or take possession of the aircraft and Austrian Airlines initiated this action. We assume the parties’ familiarity with other underlying facts, procedural history, and issues on appeal.
Austrian Airlines argues that the District Court erred in three central findings — that Austrian Airlines failed to meet the conditions specified by the agreement; that UTF did not waive the March 2004 delivery date; and that UTF did not act in bad faith in an effort to thwart the contract and in its refusal to purchase (the value of the aircraft was dramatically reduced post-September 11, 2001). Austrian Airlines also argues that the District Court committed procedural error by denying Austrian Airlines the opportunity to cross-examine UTF’s witnesses and thus improperly relying on their testimony in granting UTF’s motion for judgment. UTF defends the District Court’s findings and argues that cross-examination is not an automatic right and that if barring cross-examination was erroneous, it did not implicate a substantial right or have a substantial impact on the outcome.
On appeal from a Rule 52(c) judgment on partial findings, we review the District Court’s findings of fact for clear error and its conclusions of law de novo. MacDraw, Inc. v. GIT Group Equip. Fin., Inc., 157 F.3d 956, 960 (2d Cir.1998). “A finding of fact is not clearly erroneous unless the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” Krieger v. Gold Bond Bldg. Prods., 863 F.2d 1091, 1098 (2d Cir.1988) (internal quotation marks omitted). Further, “if the district court’s account of the evidence is *41 plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be clearly erroneous.” Id. To the extent that the District Court made credibility determinations in evaluating the information conveyed by witnesses, “even greater deference is required: When a trial judge’s finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.” Id. Substantially for the reasons substantially stated in the District Court’s careful and thorough opinion, which properly draws on extensive evidence offered in direct testimonial affidavits and the cross-examination of Austrian Airlines’s witnesses, see Austrian Airlines, 567 F.Supp.2d 579, we conclude that the Court’s factual findings were not erroneous, much less clearly erroneous.
Moreover, the District Court did not err by entering judgment on partial findings before Austrian Airlines had cross-examined UTF’s witnesses. The District Court ruled only after Austrian Airlines had submitted all of its evidence and rested its case. At that time, Austrian Airlines had been “fully heard,” and the District Court was permitted to enter judgment against Austrian Airlines by finding against it on any dispositive issue. See Fed.R.Civ.P. 52(c).
Where, as here, the District Court instructs the parties to submit the direct testimony of their witnesses in the form of affidavits prior to trial, the Court risks an impermissible denial of the right to cross-examination by granting a Rule 52(c) motion prior to the close of the evidence. For example, cross-examination of UTF’s witnesses would have been required if the District Court had relied on the direct testimony of UTF’s witnesses in reaching its decision. After reviewing the record here, however, we conclude that the District Court carefully based its factual findings solely on the evidence submitted in Austrian Airlines’s case-in-chief. We therefore disagree with Austrian Airlines that the District Court could have reached its conclusions only by relying on the direct testimony of UTF’s witnesses. Even if, in preparation for trial, the District Court reviewed the affidavits that contained the direct testimony of UTF’s witnesses, the District Court was capable of disregarding — and, we find, did disregard — those affidavits in ruling for UTF.
Substantially for the reasons stated in the District Court’s well-reasoned opinion, 567 F.Supp.2d 579, we conclude that the District Court properly granted judgment in UTF’s favor pursuant to Rule 52(c).

CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.

 "If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a)." Fed.R.Civ.P. 52(c).